IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-21-1-BO

| | |
|---|---|
| JAMES FULLER,<br>    Petitioner, | )<br>)<br>) |
| v. | )  **ORDER** |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>) |

This matter is before the Court on petitioner's motion to re-characterize his motion for writ of *coram nobis* as a § 2255 motion to vacate, set aside or correct sentence [DE 132] and petitioner's motions for writs of *coram nobis* [DE 125 & 127]. The Court GRANTS petitioner's motion for re-characterization of his original motion for writ of *coram nobis* [DE 132]. In light of this re-characterization, the Court DENIES petitioner's § 2255 motion to vacate, set aside or correct sentence [DE 125] and DENIES petitioner's motion for writ of *coram nobis* [DE 127].

## BACKGROUND

On February 17, 2010, petitioner was charged in a grand jury indictment with "knowingly and intentionally distribut[ing] and possess[ing] with the intent to distribute (5) kilograms or more of cocaine, . . . in violation of Title 21 United States Code, Section 841 (a)(1)." [DE 1]. On March 30, 2011, petitioner pled guilty to that charge. Subsequently, this Court sentenced petitioner to a 180-month term of imprisonment and five years of supervised release. As part of his plea agreement, petitioner waived certain rights to appeal. The plea agreement [DE 82] stated, in pertinent part:

1

[petitioner agrees] to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

On May 30, 2012, petitioner filed a motion for writ of *coram nobis* with this Court [DE 125]. On September 14, 2012, this Court issued a notice and order notifying petitioner of its intent to re-characterize petitioner's motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On September 26, 2012, petitioner responded to this Court's notice and order by filing a motion to re-characterize his original *coram nobis* filing. Additionally, petitioner filed a separate motion for writ of *coram nobis* on June 22, 2012. The June 22nd *coram nobis* filing requested a hearing to determine the validity of a property seizure by the North Carolina Department of Revenue.

DISCUSSION

I. PETITIONER'S MOTION TO RE-CHARACTERIZE IS GRANTED.

This Court previously provided adequate notice regarding the effects of re-characterizing a filing as a motion to vacate, set aside, or correct sentence pursuant to § 2255. As such, petitioner's instant motion to re-characterize is granted.

II. PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 IS DENIED.

Petitioner's plea agreement included a waiver of certain appeal rights. Although petitioner waived his right to file certain post-conviction motions, he did not waive his right to appeal "upon grounds of ineffective assistance of counsel or prosecutorial misconduct *not known to the Defendant at the time of the Defendant's guilty plea.*" [DE 82][emphasis added]. The first page of petitioner's motion states, "B. - - GROUND FOR INEFFECTIVE ASSISTANCE OF

2

COUNSEL." The remainder of petitioner's motion comprises discussion and arguments relating to a purported procedural defect in his indictment — that the indictment did not properly state the drug quantity.

Petitioner knew the contents of his indictment at the time he entered his guilty plea. As such, he waived his right to the post-conviction he now seeks. Further, even if petitioner were entitled to seek such post-conviction relief, his indictment sufficiently stated the quantity of drugs that form the basis of the charge and would not support an ineffective assistance of counsel claim. Because petitioner is not entitled to seek such post-conviction relief, this Court denies his motion to vacate, set aside or correct pursuant to § 2255.

III. PETITIONER'S MOTION FOR WRIT OF *CORAM NOBIS* IS DENIED.

At common law, the writ of *coram nobis* was a remedy designed "to correct errors of fact." *United States v. Morgan*, 346 U.S. 502, 507 (1954). Today, *coram nobis* is applied in a slightly broader fashion than it was in its common-law form. *United States v. Denedo*, 556 U.S. 911 (2009). However, the availability of the writ continues to be confined to a small number of "extraordinary" cases where alternative means of challenging a final judgment, such as habeas corpus, are not available. *Id.*

Here, petitioner seeks a writ of *coram nobis* to challenge the validity of a property seizure by the North Carolina Department of Revenue. A writ of *coram nobis* is not the appropriate vehicle for such a challenge. As such, petitioner's June 22nd motion for writ of *coram nobis* is denied.

CONCLUSION

Petitioner's motion to re-characterize is GRANTED. Petitioner's re-characterized § 2255 motion is DENIED. Petitioner's June 22nd motion for writ of *coram nobis* is also DENIED.

DONE AND ORDERED, this __16__ day of October, 2012.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE