IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-21-1-BO
No. 7:12-CV-302-BO

| | | |
|---|---|---|
| JAMES FULLER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's § 2255 motion to vacate, set aside or correct sentence [DE 133] and the government's motion to dismiss the petitioner's motion [DE 137]. The Court GRANTS the government's motion to dismiss and DISMISSES the petitioner's motion for lack of subject matter jurisdiction.

## BACKGROUND

On February 17, 2010, petitioner was charged in a grand jury indictment with "knowingly and intentionally distribut[ing] and possess[ing] with the intent to distribute (5) kilograms or more of cocaine, . . . in violation of Title 21 United States Code, Section 841 (a) (1)." [DE 1]. On March 30, 2011, petitioner pled guilty to that charge. Subsequently, this Court sentenced petitioner to a 180-month term of imprisonment and five years of supervised release.

On May 30, 2012, petitioner filed a motion for writ of *coram nobis* with this Court [DE 125]. On September 14, 2012, this Court issued a notice and order notifying petitioner of its intent to re-characterize petitioner's motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and the effects of such re-characterization. On September 26, 2012,

1

petitioner responded to this Court's notice and order by filing a motion to re-characterize his original *coram nobis* filing.

On October 18th, 2012, the Court entered an order re-characterizing the petitioner's original motion for writ of *coram nobis* and denying this re-characterized § 2255 motion. Additionally, petitioner filed a separate motion for writ of *coram nobis* on June 22, 2012. The June 22nd *coram nobis* filing requested a hearing to determine the validity of a property seizure by the North Carolina Department of Revenue. This motion was also denied by the Court's October 18th Order.

## DISCUSSION

The Court does not reach the merits of the instant petition because the Court finds that it lacks proper subject matter jurisdiction to do so. The petition is a second or successive federal habeas application that has been filed without first obtaining leave from the Fourth Circuit Court of Appeals as is required by 28 U.S.C. § 2244. § 2244 reads, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The government opposes the petitioner's motion for relief under § 2255. However, neither party has considered that the petitioner's instant motion may be barred under the prohibition against second or successive motions without the permission of the court of appeals. Nevertheless, the Court is obliged to address such jurisdictional questions *sua sponte. See Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

Because Mr. Fuller has filed a previous § 2255 petition, this Court does not have jurisdiction to consider this second petition under Federal Rule of Civil Procedure 12(b)(1).

2

Because Mr. Fuller was afforded appropriate *Castro* notice of the effects of his filing a § 2255 petition - including the bar against filing subsequent petitions - it makes no difference that his original filing was styled as a motion for writ of *coram nobis*. *See Castro v. United States*, 540 U.S. 375 (2003). Should Mr. Fuller wish to pursue future § 2255 motions he must first obtain leave from the Fourth Circuit. As such, it is proper to dismiss the petitioner's instant motion.

Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that this matter should not proceed further. Therefore, the Court hereby DENIES petitioner a certificate of appealability as to the instant § 2255 motion as well as the § 2255 motion dismissed by this Court's order of October 18, 2012.

## CONCLUSION

The government's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

A certificate of appealability is DENIED.

DONE AND ORDERED, this __12__ day of February, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE