IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:10-CR-21-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES FULLER | ) | |

This cause comes before the Court on defendant's petition for writ of error coram nobis.

The government has moved to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Defendant was sentenced by this Court on November 3, 2011, to 180 months'

imprisonment following his plea of guilty to a charge of conspiracy to distribute and possession

with intent to distribute five kilograms or more of cocaine. 21 U.S.C. § 846. Defendant did not

notice a direct appeal. On May 30, 2012, defendant filed a motion for writ of coram nobis, which

the Court recharacterized, with defendant's consent, as a motion to vacate pursuant to 28 U.S.C. §

2255. The Court denied defendant's § 2255 motion as well as a subsequently filed motion for

writ of coram nobis and § 2255 motion by orders entered October 18, 2012, and February 13,

2013. Defendant has again filed a motion for writ of error coram nobis, which the government

has moved to dismiss.

## DISCUSSION

A writ of error coram nobis is a "remedy of last resort . . granted only where an error is of

the most fundamental character and there exists no other available remedy." *United States v.*

*Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (quotation and citation omitted). Such remedy is

unavailable to defendants who remain in custody pursuant to their conviction, however, as other statutory remedies are available to them. *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996); *United States v. Tate*, 521 Fed. App'x 252, 253 (4th Cir. 2013) (unpublished). Defendant remains in custody pursuant to the conviction which he continues to challenge. Defendant's motion for writ of error coram nobis is therefore DENIED.

Moreover, the relief that is requested in defendant's motion is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the Court re-characterizes it as a § 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged by defendant's prior § 2255 motion, it is properly construed as a second or successive § 2255 petition and this Court is without jurisdiction to consider it in the absence of pre-filing authorization. Defendant is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Brown*, 132 F. App'x

2

430, 431 (4th Cir. 2005) (unpublished).

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of defendant's re-characterized § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion for writ of coram nobis [DE 143] is DENIED. Alternatively, the motion for writ is recharacterized as a motion to vacate pursuant to 28 U.S.C. § 2255 and is DISMISSED for want of jurisdiction. The government's motion to dismiss [DE 146] is GRANTED, and defendant's motion for request of criminal records [DE 148] and motion for disposition under Rule 4 [DE 150] are DENIED AS MOOT. A certificate of appealabilty is also DENIED.

SO ORDERED, this _*10*_ day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3